IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY PETTWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-cv-01204-B |
| ) | [wo] |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Terry Pettway ("Pettway") appeals from a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits under Title II, 42 U.S.C. §§ 401 *et seq.* and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.* of the Social Security Act. Considered examination of the record, briefs, and the relevant law inform the court's conclusion that the Commissioner's decision should be affirmed.

### I. PROCEDURAL HISTORY

Pettway filed an application alleging disability since January 5, 2002. Denied administratively and represented by counsel, Pettway received a requested hearing before an Administrative Law Judge ("ALJ"), who rendered an unfavorable decision. Forty-four years old at the time of the hearing, Pettway has a high- school education. He has not engaged in substantial gainful work since the alleged onset date of disability

The ALJ determined these severe impairments – *status post laminectomy, herniated nucleus pulposus at L4-L5 with post operative changes at L5-S1, diabetes mellitus* and *hypertension* – but concluded that Pettway's severe and not severe impairments, considered singularly and in

combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Appendix 1 to Subpart P. The ALJ deemed not credible Pettway's allegations of pain and functional limitations. Because he determined that Pettway retained the residual functional capacity ("RFC") to perform other work, the ALJ concluded that Pettway is not disabled.[1]

In response to the ALJ's adverse decision on March 9, 2004, Pettway presented to the Appeals Council purportedly "new and material" evidence from his treating physician, Dr. Yearwood who rendered opinions on Pettway's functional limitations and pain. The Appeals Council did consider this submission but disagreed with Pettway's assessment that it provided a basis for modifying the ALJ's ruling. Finding no reason to review the ALJ's decision, the Appeals Council denied Pettway's request.

The Appeals Council's order denying review is a "final decision" of the Commissioner under 42 U.S.C. §405(g). This appeal to the United States District Court is timely and proceeds pursuant to 42 U.S.C. §405(g) and 28 U.S.C. §636(c).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422

---

[1] R. 21-22. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

(11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In deciding whether the Commissioner erred in denying review of the ALJ's decision, the court also must consider additional evidence considered and made a part of the record by the Appeals Council in denying requested review. The Appeals Council will review a case if there appears to be an abuse of discretion by the ALJ, if there is an error of law, or if the ALJ's action, findings, or conclusions are not supported by substantial evidence. 20 C.F.R. § 416.1470; *see also*, *Parker v. Bowen*, 788 F.2d 1512, 1518 (11th Cir. 1986) (*en banc*). The Appeals Council's denial of

review is subject to judicial review to determine if it is supported by substantial evidence. *Parker*, 788 F. 2d at 1520.

### III.   ISSUES

Pettway specifies three issues for review:

1. whether the Appeals Council erred by denying review and failing to remand the Plaintiff's case to the ALJ on the basis of new and material evidence;

2. whether the ALJ erred in finding that the Plaintiff has a residual functional capacity to perform a reduced range of light work; and

3. whether the ALJ erred by failing to include as "severe impairments" degenerative joint disease, arthritis of the knees, pain in the legs and feet caused by diabetes, numbness in the feet, fingers and toes.[2]

The first issue, remand for consideration of newly submitted evidence, is governed by 42 U.S.C. §405(g). The second issue attacks the ALJ's step-four analysis in the five-step sequential evaluation process while the third issue challenges the ALJ's assessment of the severity of Pettway's impairments at step two. Both the second and third issue relate to the ultimate inquiry on this judicial review: whether the Commissioner's disability decision is supported by proper legal standards and by substantial evidence.

### IV.   DISCUSSION

#### A.   Consideration of New and Material Evidence

The Appeals Council denied review after considering and incorporating into the record a Disability Questionnaire, dated January 6, 2004, completed by a treating physician, Dr. Amrita

---

[2]Plaintiff's Brief ("*Pl.'s Br.*") at 2 (Doc. 12, filed Apr. 11, 2006).

Yearwood.³  Pettway contends that this post-hearing submission satisfies the requirements of 42 U.S.C. §405(g) and the applicable caselaw.⁴  The Commissioner maintains that the evidence fails to satisfy the *materiality* prong of the Eleventh Circuit's three-pronged standard for remand.⁵

Dr. Yearwood expressed three principal opinions.  First, since 1999 Pettway has suffered high blood pressure, uncontrolled diabetes, joint pain/degenerative disc disease, and chronic pain/sinusitis, which have combined to impair his attention, concentration, and other functional skills.  Second, prolonged sitting and walking, lifting over ten pounds, and stress precipitate or exacerbate the moderately severe pain Pettway experiences frequently.  Third**,** Pettway's impairments or treatment will require his absence from work more than three times per month.⁶

Pettway correctly notes that "[a] treating physician's opinions about the nature and severity of a claimant's impairments should be given controlling weight if the Administration finds that the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and

---

³R. 4-8.

⁴*Pl.'s Br.* at 7-10.  For a remand under sentence six of 42 U.S.C. § 405(g), the claimant must establish that (1) there is new, non-cumulative evidence;  (2) the evidence is material because it is relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  *Vega v. Commissioner of Social Security*, 265 F. 3d 1214 (11ᵗʰ Cir. 2001);  *Falge v. Apfel*, 150 F.3d 1320, 1323 (11ᵗʰ Cir. 1998).  Failure to establish any of these elements means that remand is not appropriate. *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987).

⁵Memorandum in Support of the Commissioner's Decision ("*Def.'s Br.*") at 3-7 (Doc. 13, filed May 8, 2006).  Materiality of the evidence requires "a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d at  459.   An additional implicit requirement of materiality is that the new evidence "relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. §416.1470(b).

⁶R.284-286.

is not inconsistent with the other substantial evidence in the record." Because Dr. Yearwood's opinions on Pettway's pain and functional limitations are "inconsistent with both Plaintiff's own testimony, and his work history" the Commissioner argues the absence of any " reasonable possibility that [it] would have changed the ALJ's decision."[7] The court agrees.

Dr. Yearwood's finding of Pettway's continuing functional limitations is inconsistent with Pettway's testimony that he worked in 2001. Her opinion on Pettway's lifting abilities is contradicted similarly by Pettway's testimony that he is able to lift 20 to 30 pounds and that he lifted well over 10 pounds during his employment in 2000.[8] Moreover, the record before the ALJ did include relevant opinions rendered in 2000 by other treating sources – Dr. Kendrick, a neurosurgeon, and physical therapists at Rehab Associates. The opinions of physical therapists qualify as "other source" opinions which can be considered in the ALJ's formulation of RFC. *See* 20 C.F.R. §404.1545(a)(3); *see also* SSR 96-8p. Though rendered before Pettway's alleged onset of disability in January 2002, both opinions were considered properly by the ALJ. *See, e.g.*, 20 C.F.R. 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. 404.1512 ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary...") Indeed, Dr. Yearwood's post-hearing submission expresses an opinion about his disability "since 1999."

---

[7] *Pl.'s Br.* at 9-10; *Def.'s Br.* at 8.

[8] R. 296-297, 303-304.

The record before the ALJ also included the consultative report of Dr. Frejj, dated September 4, 2002, disclosing Pettway's complaints of numbness in his foot and leg.[9] Though Dr. Yearwood's post-hearing questionnaire associated his similar complaints of pain and numbness with diabetes, the ALJ reported, from his review of Dr. Yearwood's treatment notes, that Pettway's diabetes and non-compliance with medications contributed to these complaints.[10] Thus, the post-hearing records would not have changed the ALJ's findings in this respect. In sum, because Pettway has failed to establish the materiality of his post-hearing proffer, remand is not warranted.

### B.     Assessment of Residual Functional Capacity

The ALJ determined that Pettway can perform other work– identified by the vocational expert– because he retains the RFC to perform

> light work with a sit/stand option. [Pettway can] occasionally use his hands for pushing and pulling of arm controls; frequently use his hands for simple grasping; continuously use his hands for fine manipulation; occasionally use his legs for pushing and pulling of leg controls; occasionally stoop, crouch, kneel, crawl, climb, reach overhead and balance; occasionally work around unprotected heights, moving machinery, operate motor vehicle equipment, exposure to marked changes in temperature and humidity and [he] experiences a moderate degree of pain.[11]

Pettway claims this RFC determination is inconsistent with Dr. Frejj's consultative neurological opinions on his functional limitations as well as Dr. Yearwood's treatment records. This claim does not withstand analysis.

Pettway rests his claim on Dr. Frejj's judgment that he is unable to stand and walk for

---

[9] R. 212.

[10] R. 16, 18, 20.

[11] R. 20.

prolonged periods of time and Dr. Yearwood's documentation for diabetic-related pain and numbness in his feet.[12]  The Commissioner responds that "the ALJ was expressly aware of Dr. Frejj's opinion that Plaintiff could not engage in prolonged walking and standing, and accounted for this limitation by including a sit/stand option in his RFC."[13]  The court agrees and finds a patently clear record for the ALJ's consideration of Dr. Yearwood's relevant records.[14]

---

[12]*Pl.'s Br.* at 11; R.214, 245, 248, 249.  The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  Sitting may occur intermittently during the remaining time.  *See* SSR 83-10. In addition, SSR 83-12 explains an alternate sit/stand option:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting or standing.  The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting.  Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)

> There are some jobs in the national economy–typically professional and managerial ones– in which a person can sit or stand with a degree of choice.  If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled.  However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task.  Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.  In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications of the occupational base.

[13]*Def.'s Br.* at 8.

[14]R.15-19.

There is simply "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision...is not a broad rejection which is 'not enough to enable [the district court...] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F. 3d 1206, 12110-1211 (11th Cir. 2005).[15]  Furthermore, while Pettway is limited to a sit/stand option, there is no indication that he may not stand or walk for a total of six hours as contemplated for light work.

Pettway highlights the numbness in his fingers as reason to reject the ALJ's determination that he retains the RFC to perform continuously fine manipulation.  He fails to demonstrate any inherent contradiction; no treating or examining source undermines the ALJ's finding; and the state Agency reviewing physician reached a similar conclusion.[16]  While Pettway may disagree with the manner in which the ALJ took account of the evidence, the court cannot re-weigh the evidence. *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986).  Nor can the court decide the facts anew or substitute its judgment for that of the ALJ.  *See Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004).  The court readily concludes that substantial evidence supports the ALJ's step-four RFC determination.

---

[15]*See McCray v. Massanari*, 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001)(An ALJ must consider all medical evidence that is credible, supported by clinical findings, and relevant to the question at hand..., but an ALJ is not required to discuss every piece of evidence submitted.); *Turner v. Barnhart*, 377 F. Supp. 2d 1165, 1168 (M.D. Ala. 2005)(ALJ not required to discuss every piece of evidence "but his opinion must describe his analysis with enough detail to satisfy a reviewing court that he gave all of the relevant evidence before him its due regard.");  *Newsome v. Barnhart*, No. 1:04cv1231-SRW, 2006 U.S. Dist. LEXIS 54487 (M.D. Ala. July 12, 2006)(no error in ALJ's failure to cite treating psychologist's GAF score diagnosis where ALJ properly took into account psychologist's description of symptoms, limitations and treatment).

[16]R.213-214, 218.

### C.      Assessment of Severe Impairments

Pettway contends that the ALJ failed to discuss the severity of his degenerative disc or joint disease, arthritis in his knee, and diabetic-related pain in his feet and legs, and finger and toe numbness.  He argues that these impairments – documented by Dr. Kendrick and Dr. Yearwood – "contribute to the overall pain syndrome which [he] suffers and lend credibility to his testimony of constant, severe pain."[17]

The severity step in the disability evaluation process is a "threshold inquiry" which allows only claims based on the most trivial impairment to be rejected. *McDaniel v. Bowen*, 800 F. 2d 1026, 1031 (11th Cir. 1986). A claimant bears a "mild" burden of proof.  An impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §404.1521(a).  Guided by these standards, the court proceeds to analyze whether substantial evidence supports the ALJ's step-two determination.

The ALJ considered Pettway's back conditions– lower back pain, herniated disk at L4-5, recurrent lumbar radiculitis, back surgery, left paramedian herniated nucleus pulposus at L4-5 and post operative changes at L5-S1– as manifestations of his status post laminectomy and herniated nucleus pulposus.[18]  Review of Dr. Kendrick's June 13, 2000 record documents this impression of "degenerative disc disease with a disc herniation at L4/5 on the left".[19]  Dr. Kendrick did not diagnose, and the record does not otherwise establish, degenerative disc disease as a distinct

---

[17]*Pl.'s Br.* at 12.

[18]R. 13-16.

[19]R. 179.

impairment unrelated to his herniated disc.[20] Concerning the severity of his diabetic-related pains and numbness, the ALJ duly considered relevant treatment records and opinions as well as Pettway's subjective complaints. Though he did not find Pettway's subjective complaints fully credible, his RFC assessment included a moderate degree of pain.[21]

Pettway contends finally that the ALJ's hypothetical questions to the vocational expert did not consider these purportedly severe impairments. It is well established not only that the ALJ's hypothetical question must describe adequately all of a claimant's impairments and limitations but also that the hypothetical need include only those which are supported by the record. *See Phillips v. Barnhart,* 357 F. 3d 1232, 1240 n. 7 (11th Cir. 2004); *Wilson v. Barnhart*, 284 F. 3d 1219, 1227 (11th Cir. 2002). The hypothetical incorporated Pettway's record impairments and limitations, including his moderate degree of pain.

## V. CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, the court finds the decision of the ALJ supported by substantial evidence and a proper application of the law. Accordingly, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment is entered herewith.

Done this 2nd day of November, 2006.

---

[20]*See, e.g., Turner v. Commissioner of Social Security*, No. 05-15919, 2006 U.S. App. LEXIS 13473 (11th Cir. May 31, 2006)(ALJ's step two determination supported by substantial evidence where ALJ considered all of claimant's back conditions as a manifestation of her degenerative disc disease).

[21]R.13, 16, 22.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE